UNITED STATES DISTRICT COURT
District of New Jersey

CHAMBERS OF
JOSE L. LINARES
JUDGE

MARTIN LUTHER KING JR.
FEDERAL BUILDING & U.S. COURTHOUSE
50 WALNUT ST., ROOM 5054
P.O. Box 999
Newark, NJ 07101-0999
973-645-6042

**NOT FOR PUBLICATION**

<u>LETTER OPINION</u>

November 29, 2006

Re:   <u>Khislavsky v. United States, et al.</u>
      Civil Action No.: 04-CV-5264 (JLL)

Dear Counsel:

Currently before the Court is Plaintiff, Lev Khislavsky's motion to adjudicate the allocation of settlement proceeds. Defendants, the United States of America, the United States Department of Health and Human Services, the Secretary of Health and Human Services, and the Administrator for the Centers for Medicare & Medicaid Services (collectively, the "Government Defendants"), pursuant to the Court's request, have filed a response. For the following reasons, the Court holds that it lacks subject matter jurisdiction over this dispute and thus, dismisses Plaintiff's motion.[1]

**I.     Factual and Procedural History**

On or about May 27, 2003, Plaintiff was struck by a minivan operated by defendant Yung J. Na and owned by defendant Nam K. Cho while crossing an intersection as a pedestrian. Plaintiff suffered serious bodily injuries and underwent medical care for such injuries. Medicare paid a portion of Plaintiff's medical expenses.

By way of various letters, Medicare contacted Plaintiff and informed him that should he settle any personal injury claim with Na and Cho, Medicare would be entitled to reimbursement from such settlement proceeds for the money it paid for Plaintiff's medical care under the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b). Accordingly, the Government Defendants asked Plaintiff to contact them prior to settlement to finalize Medicare reimbursement.

---

[1] This motion is resolved without oral argument. <u>See</u> Fed. R. Civ. P. 78.

Plaintiff continually maintained that Medicare was not entitled to such reimbursement. His primary argument was that the New Jersey Collateral Source Statute, N.J.S.A. § 2A:15-97 prohibits Plaintiff from recovering from Na and Cho medical costs that have already been paid by Medicare.

Plaintiff filed the instant lawsuit on October 25, 2004 against the Government Defendants, Na, and Cho. Jurisdiction was premised on 42 U.S.C. § 405(g). Plaintiff asserted negligence claims against Na and Cho. He sought a declaratory judgment and an injunction against the Government Defendants. Plaintiff asked the Court to declare that Medicare had no right to reimbursement under these circumstances and to enjoin the Government Defendants from taking any action to demand or collect such reimbursement of Medicare benefits from any personal injury recovery Plaintiff may obtain from Na and Cho.

On or about June 3, 2005, Plaintiff filed a notice of dismissal, with prejudice, as to defendants Na and Cho. Plaintiff indicated that the matter had been amicably settled between such parties. In a certification submitted by counsel on May 3, 2006, Plaintiff's attorney states that this matter was settled for $200,000.00.

The Government Defendants moved to dismiss the claims against them for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). They argued that the Court lacked subject matter jurisdiction over the dispute pursuant to 42 U.S.C. § 405(g). The Government asserted that it had not made a formal demand for reimbursement for Medicare costs expended on Plaintiff's behalf. Accordingly, Plaintiff had not exhausted the requisite administrative remedies and no final determination regarding such reimbursement had been made which would trigger this Court's jurisdiction under section 405(g).

On or about July 5, 2005, Magistrate Judge Ronald J. Hedges issued a Report and Recommendation ("R&R"), recommending that the Court dismiss the matter for lack of subject matter jurisdiction based on Plaintiff's failure to exhaust the requisite administrative remedies. Plaintiff filed objections to the R&R. On April 5, 2006, the Court adopted the R&R. The case was closed.

On May 3, 2006, Plaintiff filed the instant motion. Plaintiff asks the Court to adjudicate the allocation of the settlement proceeds, namely, $200,000.00, that Na and Cho are purportedly obligated to pay Plaintiff under a settlement agreement. Plaintiff claims that such settlement should not include reimbursement to Medicare for the expenses it paid for Plaintiff's medical care. Plaintiff primarily argues that the parties did not consider such reimbursement when negotiating the settlement because under the New Jersey Collateral Source Statute, N.J.S.A. § 2A:15-97, Plaintiff cannot recover from Na and Cho for medical expenses already compensated by a collateral source such as Medicare.

For relief, Plaintiff asks the Court to enter an order (1) allocating the settlement proceeds to include only non-economic and uncompensated loss; (2) stating that no portion of the recovery

obtained from Na and Cho is attributable to "otherwise-compensated medical expenses," such as Medicare's reimbursement expenses; and (3) determine that Na and Cho have "no liability to plaintiff with respect to any loss compensated by benefits provided through a collateral source."

## II.     Legal Discussion

The Court has the authority to dismiss an action based on lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  By order dated April 5, 2006, the Court, by adopting the R&R, held that it lacked subject matter jurisdiction over this dispute because Plaintiff had not fully exhausted the requisite administrative remedies as mandated by 42 U.S.C. § 405(g).  Plaintiff admits such in his reply brief.

There is no indication that this jurisdictional defect has been cured, nor is there any indication that an independent basis for subject matter jurisdiction exists.  Plaintiff claims that the Court has jurisdiction over this case because he "implicitly" raised a due process claim in the documents he submitted in connection with this matter.  The Court rejects this claim because Plaintiff did not plead a constitutional due process claim in his complaint.  See, e.g., Pennsylvania ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (stating that "[i]t is axiomatic that the complaint may not be amended" by the plaintiff's briefs).  Accordingly, the Court is without jurisdiction to adjudicate the allocation of settlement proceeds with respect to the settlement between Plaintiff and Na and Cho.

It is apparent from the relief that Plaintiff seeks that he is merely trying to back-door a finding that Medicare is not entitled to reimbursement without going through the requisite procedures for determining the propriety of reimbursement.   Accordingly, the Court declines to exercise supplemental jurisdiction over any state law claims remaining in this lawsuit.  See 28 U.S.C. § 1367.

## III.    Conclusion

Therefore, for the foregoing reasons, the Court dismisses this matter for lack of subject matter jurisdiction.  Plaintiff's motion to adjudicate the allocation of settlement proceeds is accordingly dismissed.[2]  An appropriate order accompanies this opinion.

/s/ Jose L. Linares
United States District Judge

---

[2]  Thus, the Court does not consider whether the New Jersey Collateral Source Statute, N.J.S.A. § 2A:15-97 is preempted by the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b).